Filed 3/17/26  P. v. Markhasev CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL MARKHASEV,<br><br>    Defendant and Appellant. | B344844<br><br>(Los Angeles County Super. Ct. No. BA109470 ) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Dismissed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Michael Markhasev appeals from a postjudgment order declining to act on his petition for resentencing pursuant to Penal Code section 1172.1.[1]  His appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) raising no issues.  Markhasev filed a supplemental brief requesting that we "close this appeal."  We conclude the trial court's order was not appealable and dismiss the appeal.

In 1998, a jury found Markhasev guilty of murdering Ennis Cosby during a robbery attempt. (§§ 187, subd. (a), 190.2, subd. (a)(17), 211, 664, subd. (a).)  The jury also found true allegations that Markhasev personally used a firearm in connection with both the murder and attempted robbery.  (§ 12022.5, subd. (a).)  The court sentenced Markhasev to life without the possibility of parole plus 10 years for the firearm enhancement.

In November 2024, through counsel, Markhasev filed an "invitation to recall and resentence petitioner" pursuant to section 1172.1.  He supported the petition with citations to his rehabilitative and educational achievements while incarcerated, as well as laudatory chronos and letters of support.  Markhasev subsequently supplemented the petition with additional exhibits, including documents related to his educational achievements and his handwritten "revised and updated reentry plans."

On March 7, 2025, Markhasev's counsel and the prosecution appeared in court to discuss the petition.  At the outset of the discussion, the court observed that it was not required to respond to or take any action on the petition.  After hearing arguments from counsel, the court stated that it would not respond to the petition.  The court subsequently issued a

---

[1]     All undesignated statutory references are to the Penal Code.

minute order stating, "The matter is heard and argued. Pursuant to Penal Code section 1172.1(c), the court is not required to respond or take any action on the Defendant's petition for resentencing pursuant to Penal Code Section 1172.1."

Markhasev timely appealed. His appointed counsel filed a brief that summarized the procedural history of the case, raised no issues for appellate review, and asked this court to allow Markhasev to file a supplemental brief under *Delgadillo*, *supra*, 14 Cal.5th 216. Markhasev then submitted a supplemental brief in which he stated that he accepted the trial court's decision and requested that we "close this appeal."

Section 1237, subdivision (b), which governs the appeal of postjudgment orders in felony criminal matters, authorizes appeals only from postjudgment orders that "affect[ ] the substantial rights" of the defendant. (§ 1237, subd. (b).) Section 1172.1, which authorizes the trial court to resentence a defendant at any time on its own motion (§ 1172.1, subd. (a)(1)), expressly states that a defendant is "not entitled to file a petition seeking relief from the court under this section," and the court is "not required to respond" to any petition filed. (§ 1172.1, subd. (c).) Accordingly, "a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999; accord, *People v. Brammer* (2025) 117 Cal.App.5th 675, 696; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046; *People v. Roy* (2025) 110 Cal.App.5th 991, 994, 998-999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696-697.) Where there is no substantial right at stake, a

postjudgment order is not appealable under section 1237, subdivision (b).  (See *People v. Hodge*, *supra*, 107 Cal.App.5th at p. 996.) An appeal from a nonappealable order must be dismissed.  (*People v. Brammer*, *supra*, 117 Cal.App.5th at p. 696.)  Markhasev has not raised any argument to the contrary.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


ZUKIN, P. J.


MORI, J.

4